**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 95-50777

(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                          Plaintiff-Appellee,

versus

JIMMIE A. EASTLAND, also known as
Jimmy Eastland,

                          Defendant-Appellant.


_____

Appeal from the United States District Court
For the Western District of Texas
(W-94-CR-2)
_____

August 8, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jimmie A. Eastland appeals his conviction and sentence for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He argues that the evidence was insufficient to support his conviction, that the court erred in attributing quantities of cocaine to him for sentencing purposes, that the court erroneously admitted into evidence a

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

coconspirator's hearsay testimony, and that the district judge improperly reassigned the case to himself for trial.

We have reviewed the arguments and the record and find no reversible error as to his insufficient-evidence claim. *See United States v. Bermea*, 30 F.2d 1539, 1551 (5th Cir. 1994) (holding that in reviewing sufficiency of the evidence, court must affirm if evidence establishes that a reasonable juror could have found the defendant guilty beyond a reasonable doubt), *cert. denied,* 115 S. Ct. 1113, 130 L. Ed. 2d 1077 (1995). As to the argument that the district court erred in determining the quantity of drugs attributable to Eastland, we note that Eastland was sentenced to the statutory minimum for conspiring to distribute five grams of cocaine base, also known as "crack" cocaine. *See* 21 U.S.C. § 841(b)(1)(B). The district court's finding that Eastland was directly involved in a drug transaction involving 5.61 grams of "crack" cocaine is amply supported by the evidence. Therefore, any error in the calculation of the total drugs attributable to Eastland was harmless. *See Williams v. United States*, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120-21, 117 L. Ed. 2d 341 (1992) (holding that any error in applying Sentencing Guidelines is harmless unless it "affect[s] the district court's selection of the sentence imposed"). Additionally, any error as to the admission of allegedly hearsay testimony was harmless. *See United States v. El-Zoubi*, 993 F.2d 442, 446 (5th Cir. 1993) (holding that the

admission of hearsay testimony is harmful only if it substantially impacts the jury's verdict).  Finally, Eastland lacks standing to challenge the judge's reassignment order and cannot in any event show plain error.  *See United States v. Royals*, 777 F.2d 1089, 1091 (5th Cir. 1985) (holding that a defendant does not have standing to challenge the designation of a particular district judge); *United States v. Calverley*, 37 F.3d 160, 163-64 (5th Cir. 1994) (en banc) (articulating plain error standard for unobjected-to errors), *cert. denied*, 115 S. Ct. 1266, 131 L. Ed. 2d 145 (1995).

AFFIRMED.